IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Deante D. Mayo, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | No. \_\_\_\_\_ |
| -*vs*- ) | |
| ) | |
| Chicago Heights, Illinois, Lynwood, ) | (*jury demand*) |
| Illinois, David V. Long, Michael ) | |
| Mears, Officer Edgett and Officer ) | |
| Storino ) | |
| ) | |
| ) | |
| *Defendants* ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Deante D. Mayo is a resident of the Northern District of Illinois.

3. Defendant Chicago Heights, Illinois is a municipal corporation of the State of Illinois and was at all times relevant the employer of defendant Long. Plaintiff seeks to impose liability on Chicago Heights solely under state law.

4. Defendant Lynwood, Illinois is a municipal corporation of the State of Illinois and was at all times relevant the employer of defendant

Mears. Plaintiff seeks to impose liability of on Lynwood solely under state law.

5. Defendants David V. Long, Michael Mears, Officer Edgett, and Officer Storino were at all times relevant acting under color of their office as police officers.

6. On January 29, 2015, defendants Mears and Long stopped an automobile being operated by plaintiff near 157th Street and Kedzie Avenue in Markham, Illinois. Plaintiff does not raise any challenge to the legality of the stop or to his subsequent arrest.

7. After they stopped the car, defendants Mears and Long used excessive and unreasonable force against plaintiff, causing him to receive a fractured rib and experience severe pain.

8. Defendants Edgett and Storino observed the above-described use of force and failed to intervene to prevent the violation of plaintiff's rights.

9. Defendants Mears, Long, Edgett, and Storino (hereinafter "individual defendants"), conspired, confederated, and agreed to remain silent about the violation of plaintiff's rights and fabricated a false story that plaintiff had used force to resist arrest.

10. Defendant Mears put this fabricated story into official police reports and communicated it to prosecutors.

11. As the direct and proximate result of the fabrication of evidence by the individual defendants, plaintiff was charged with an offense and held in custody at the Cook County Jail for several weeks before he was released on bail.

12. Plaintiff was prosecuted for resisting arrest and battery to a police officer and exonerated of all charges on September 16, 2016.

13. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments and subjected to the Illinois tort of malicious prosecution for which defendants Chicago Heights and Lynwood and or the individual defendants are liable.

14. Plaintiff hereby demands trial by jury

Accordingly, plaintiff requests that appropriate compensatory and punitive damages be awarded against the individual defendants, and that appropriate compensatory damages only be awarded against defendants Chicago Heights and Lynwood.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for plaintiff*